IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PETER JOSEPH
DOUGHERTY, JR.                                                                    PETITIONER

VS.                                                      CIVIL ACTION NO. 1:18cv137-LG-FKB

JACQUELYN BANKS                                                               RESPONDENT

## REPORT AND RECOMMENDATION

Peter Joseph Dougherty entered a plea of guilty in the Circuit Court of Hancock

County, Mississippi, to six counts of kidnaping.  By order dated December 14, 2015, he

was sentenced to serve a total of 40 years, with 20 years suspended and 20 years to

serve.  He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Respondent has filed a motion to dismiss the petition as untimely, or, in the

alternative, as raising unexhausted claims.  Dougherty has filed no response to the

motion.  The undersigned recommends that the motion be granted and the petition

dismissed with prejudice as untimely.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. §

2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Dougherty's conviction became final on December 14, 2015, and his one-year limitations period began to run that day.  He had one year from that date, or until December 14, 2016, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Dougherty filed no motion in state court for post-conviction relief prior to December 14, 2016.  Therefore, his AEDPA statute of limitations expired December 14, 2016.

Dougherty did not file his federal habeas petition until on or after April 11, 2018.[1] Furthermore, he has not shown that he is entitled to equitable or statutory tolling or that any other exception applies.  Thus, his petition is untimely.  For this reason, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

---

[1]  Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Thus, Dougherty's petition was "filed" sometime between the date it was signed, April 11, 2018, and the date it was received and filed by this court, April 23, 2018.

Because the petition is subject to dismissal with prejudice, there is no need to address Respondent's alternative argument that Petitioner has failed to exhaust his state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of December, 2018.

s/ F. Keith Ball_____
United States Magistrate Judge

3